1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNNY LOUIE CASTILLO,

                    Plaintiff,

          v.

FRITO-LAY, Inc, AND DOES 1-10,

                    Defendants.

Case No.  C05-5209RJB

ORDER GRANTING MOTION
TO WITHDRAW AND RE-
NOTING MOTION TO COMPEL

          This matter comes before the court on the Plaintiff's Notice of Motion and Motion to Withdraw of [sic] Counsel (Dkt. 13). The court has considered the pleadings filed in support of the motion and the file herein.

## I. BACKGROUND AND DISCUSSION

          On December 23, 2005, counsel for the plaintiff, Mary A. Betker, moved to withdraw as counsel of record for Johnny Louie Castillo in the above-captioned matter. Ms. Betker has certified that she sent notice of her proposed withdrawal to the plaintiff via certified mail. Dkt. 13-4. Ms. Betker seeks leave to withdraw on the grounds that familial obligations have rendered her unable to handle her caseload. Dkt. 13-2 at 2. The discovery deadline in this case was January 17, 2006. Dkt. 11.

Local Rule GR2 governs the withdrawal of attorneys and provides the following:

> No attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court. Leave shall be obtained by filing a motion or a stipulation for withdrawal . . . . A motion for withdrawal shall be noted in accordance with CR 7(d)(2) or CrR 12(c)(7) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation for withdrawal shall also include a certification that it has been served upon the client. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case.

Local Rule Gr 2(g)(4)(A). In this case, the motion to withdraw was filed less than 60 days before the discovery deadline. In light of the constraints posed by Ms. Betker's personal life, it appears that Mr. Castillo would not benefit from continued representation by Ms. Betker. In the interest of giving Mr. Castillo the opportunity to proceed with his case, the motion should be granted.

From this point forward, Mr. Castillo is *pro se* (that is, he is deemed by the court to be representing himself without counsel). Mr. Castillo is personally responsible for all deadlines and matters in this case unless and until a new attorney appears for him. The Defendant's Motion to Compel (Dkt. 14) will be re-noted to allow Mr. Castillo adequate time to find legal counsel or to respond to the motion on his own behalf.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the Plaintiff's Notice of Motion and Motion to Withdraw of [sic] Counsel (Dkt. 13) is **GRANTED**. The Defendant's Motion to Compel is **RE-NOTED** for February 17, 2006.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. As a courtesy to the plaintiff, the Clerk is directed to send an uncertified copy of the Defendant's Motion to Compel (Dkt. 14) and the accompanying declaration (Dkt. 15) to the plaintiff.

ORDER GRANTING MOTION TO WITHDRAW AND RE-NOTING MOTION TO COMPEL- 2

1    DATED this 18th day of January, 2006.

2

3

4                                    Robert J. Bryan
                                     United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO WITHDRAW AND RE-NOTING MOTION TO COMPEL- 3