UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNNY LOUIE CASTILLO,

    Plaintiff,

v.

FRITO-LAY, Inc, AND DOES 1-10,

    Defendants.

Case No. C05-5209RJB

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND SHOW CAUSE ORDER

This matter comes before the court on the Defendant's Motion to Compel (Dkt. 14). The court has considered the pleadings filed in support of the motion and the file herein.

**I. BACKGROUND**

On March 18, 2005, plaintiff Johnny Castillo filed a complaint against Frito-Lay alleging employment discrimination in violation of his state and federal rights. Dkt. 1. On September 19, 2005, defense counsel sent its First Set of Interrogatories and Requests for Production to plaintiff's counsel. Dkt. 15 at 3. Having received no response, on October 26, 2005, defense counsel faxed a letter to plaintiff's counsel confirming the date of the plaintiff's deposition and requesting discovery responses. Dkt. 15 at 11-12. Counsel for the defense received no response and again faxed a letter requesting discovery responses and agreeing to proceed with the plaintiff's deposition only if plaintiff's counsel stipulated to defense counsel continuing the deposition, if necessary, after receiving discovery responses. Dkt. 15 at 13-14. Plaintiff's counsel

ORDER - 1

did not provide a response, and defense counsel faxed a settlement offer alerting the plaintiff that a motion to compel would be filed if the case could not be settled. Dkt. 15 at 15-17. On December 21, 2005, defense counsel faxed a final letter requesting discovery responses and alerting the plaintiff that a motion to compel would be forthcoming. Dkt. 15 at 18-19.

On December 23, 2005, counsel for the plaintiff moved to withdraw. Dkt. 13. The court granted the motion to withdraw and re-noted the pending motion to compel for February 17, 2006, to afford the plaintiff an opportunity to secure new counsel or respond to the motion on his own behalf. Dkt. 18.

As of December 27, 2005, the defendant had received no responses or objections to its discovery requests. Dkt. 15 at 2. The plaintiff has not responded to this motion.

## II. DISCUSSION

**A. MOTION TO COMPEL**

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b)(1). The party's answers to such discovery requests are due within 30 days of service of the requests. Fed. R. Civ. P. 33(b)(3), 34(b). If a party fails to answer an interrogatory, the requesting party may move to compel disclosure pursuant to Rule 37. Fed. R. Civ. P. 37(a)(2)(B).

The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Local Rule 37 (a)(2). Local Rule CR 37 defines a good faith effort to confer as "a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(a). It is not clear whether the parties have conferred in person or by telephone about the defendant's discovery request, but the evidence suggests that this and other matters were discussed immediately after the plaintiff's deposition. Dkt. 15 at 16.

The court may properly deem the plaintiff's failure to respond to the motion an admission that the motion has merit. Local Rule CR 7(b)(2). The plaintiff having provided no justification for failing to respond to the defendant's discovery requests, the motion should be granted.

ORDER - 2

**B. SANCTIONS**

Federal Rule 37 governs sanctions and provides as follows:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). The plaintiff has provided no justification for the failure to comply with discovery requests. Nevertheless, the court will grant the plaintiff an opportunity to be heard as to why the court should not award the defendant $292.50 as reasonable costs expended in filing the motion to compel.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Defendant's Motion to Compel (Dkt. 14) is **GRANTED**. The plaintiff is directed to provide complete responses to the defendant's First Set of Interrogatories and Requests for Production on or before February 24, 2006. Failure to comply with this court order may result in further sanctions. The plaintiff shall have until February 24, 2006, to show cause, in writing, if any he has, why the defendant should not be awarded $292.50 as reasonable expenses incurred in filing the motion to compel.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of February, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge