IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNNY LOUIE CASTILLO,

    Plaintiff,

    v.

FRITO-LAY, INC. and DOES 1-10, INCLUSIVE,

    Defendants.

Case No.  C05-5209RJB

ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES

This matter comes before the Court on Defendants Motion for Attorney Fees, Dkt. 33-1.  Defendant, having prevailed on its motion for summary judgment on Plaintiff's claims and Defendants' counterclaims, Dkt. 24, now moves for attorneys' fees under RCW 4.84.250.  The Court has carefully reviewed the record and finds that an award of attorneys' fees is not warranted in this case.

The Court is not bound to apply Washington procedural law governing the award of attorneys' fees.  Federal R. Civ. P. 54(d)(2) permits a party to move for attorneys' fees, but it does not require the Court to grant such an award.  While a federal court sitting in diversity applies the forum state's fee award law, *see Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000), a federal court hearing a case on a federal question is not bound by a state procedural rule such as RCW 4.84.250.  Nor is the Washington State procedural statute under which Defendant claims fees binding on this Court when it exercises supplemental jurisdiction over various state law claims and counterclaims.  Instead, "[i]n the United States, the prevailing party ordinarily is not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska*

*Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975).  Consequently, the Court does not find RCW 4.84.250 to require the Court to award attorneys' fees.

Several grounds militate against the award of attorneys' fees in this case, and this Court exercises its discretion to refuse such an award.  Plaintiff's counsel withdrew under difficult personal and disciplinary circumstances, leaving Plaintiff without counsel.  Dkt. 13.  Plaintiff did not continue to pursue his case following the withdrawal of his counsel, and the Court awarded sanctions to Defendants and eventually granted summary judgment to Defendants due to Plaintiff's failure to pursue his case.  Dkts. 23, 37.  Furthermore, Defendants obtained a judgment for $8,523.19 against Plaintiff on its counterclaim.  Dkt. 37.  Under the circumstances, an attorneys' fees award is inappropriate.

Accordingly, the Court finds that an award of attorneys' fees is not warranted in this case.  Defendants' Motion for fees and costs, Dkt. 33-1, is hereby DENIED.

DATED this 26th day of May, 2006.

Robert J. Bryan
United States District Judge